BLUMENTHAL v. UNITED STATES.

(Circuit Court, S. D. New York. February 12, 1896.)

No. 1,091.

1. CUSTOMS DUTIES—CLASSIFICATION—HARMONICAS.
    Harmonicas made of wood and metal, and harmonica cases of celluloid, imported on the same vessel, but in different boxes and under different invoices, held to have been dutiable as "toys," under paragraph 436 of the act of 1890, and not under paragraphs 215 and 221, respectively, according to the materials of which they were composed.

2. SAME—PROTEST—ESTOPPEL.
    Calling certain articles "musical instruments" in an alternative clause of a protest does not estop the importer from claiming that they are dutiable as "toys," as asserted in another clause of his protest.

Appeal by the importer from a decision of the board of general appraisers which affirmed the action of the collector in assessing duty upon certain merchandise.

Stephen G. Clarke, for importer.
Henry C. Platt, Asst. U. S. Atty.

COXE, District Judge (orally). The importations are harmonicas, consisting of two parts, one made of wood and metal which may be called the harmonica proper, and the other a celluloid case to cover the same. These articles were imported by one importer and upon the same vessel. They were, however, in different boxes and covered by different invoices. The evidence is that the cases have no use except for harmonica covers, and that any harmonica of the size im-

ported will fit any of the cases imported. If the collector was right in deciding that these articles are not toys he assessed duty upon them under the proper paragraphs relating to the materials of which they are composed, paragraphs 215 and 221, respectively, of the tariff act of 1890. The importer insists that they should have been classified under paragraph 436 of the same act as "toys."

I understand that it is undisputed that in a former decision of this court harmonicas similar to these were held to be toys. The district attorney insists that the importer is not in a position to raise this question for the reason that he has in his protest called them "musical instruments." The protest is in the alternative form, one clause clearly raising the question which is in dispute here. The testimony taken in this court seems to sustain the contention of the importer that they are toys and have been so known for years. I see no reason why the importer is estopped by his alternative protest, or how the situation is changed because these toys were imported in different cases and under different invoices, there being no dispute that the parts referred to are intended for conjoint use and can be used in no other way.

I think the decision of the board should be reversed.